IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROGER D. YEADON,
    Plaintiff,

    v.

C. HUMPHREY, et al.,
    Defendants.

CIVIL ACTION NO.
1:05-CV-1348-WBH

BIVENS ACTION
28 U.S.C. § 1331

## OPINION AND ORDER

Plaintiff, an inmate at the United States Penitentiary in Atlanta, Georgia ("USP-A"), has filed the instant action pursuant to 28 U.S.C. § 1331. The matter is now before this Court for a 28 U.S.C. § 1915A frivolity screening.

## 28 U.S.C. § 1915A Frivolity Screening

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action (1) is frivolous or malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.), cert. denied, 510 U.S. 893, 114 S. Ct. 254, 126 L. Ed. 2d 206 (1993). A complaint may be dismissed for failure to state a claim

when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).

Plaintiff has submitted the instant pro se civil action pursuant to 28 U.S.C. § 1331. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), the Supreme Court held that the violation of a person's constitutional rights by a federal official gives rise to a damages action in federal court, brought pursuant to 28 U.S.C. § 1331. "Because of the similarity in the causes of action, a Bivens case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct, we 'generally apply § 1983 law to Bivens cases.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

Applying § 1983 analysis, to sustain his cause of action under 42 U.S.C. § 1983, Plaintiff must establish two elements: (1) that he suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of law. Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030, 1032 (11th Cir. 1987).

AO 72A
(Rev.8/8 2)

## Plaintiff's Claims

Plaintiff claims that the following occurred on December 3, 2003: He was transferred to the USP-A Special Housing Unit. When prison guards took him to his newly-assigned cell, the two inmates already in the cell voiced their displeasure at having a third inmate in the cell. Plaintiff then stated that he did not want to be placed in a cell where he was not wanted. The guards ignored his statement, and, after they opened the cell door, they pushed Plaintiff into the cell, causing Plaintiff to fall and hit his head with sufficient force that he briefly lost consciousness, despite the fact that Plaintiff did not physically resist entering the cell. When Plaintiff awoke, he was lying on his back on the floor, and a guard had his arm across Plaintiff's throat. Plaintiff initially had difficulty breathing, but the guard soon released the pressure on his neck after he stopped struggling.

When the guards took Plaintiff to the cell, they had handcuffed Plaintiff behind his back. After Plaintiff fell and was lying on his back, the handcuffs tightened, cutting the circulation off to his hands and causing his hands to swell. The guards did not take the handcuffs off of Plaintiff until forty-five minutes after they placed him in his cell.

Plaintiff states that he suffered a bruise to his forehead and "cuts and lacerations on his arms, hands and knees." Plaintiff's right hand was swollen and bruised, and he

3

was unable to use the hand for a week. Plaintiff's wrists remained bruised and in pain for several days.

Plaintiff states that he repeatedly requested medical care for his injuries, but that all of his requests were ignored. Plaintiff provides no indication that he suffered any long-term ill-effects from the purported events that he describes.

### Discussion

After a careful review of the complaint, this Court finds that Plaintiff has failed to state a claim for relief. Plaintiff raises two claims: (1) that the guards used excessive force when they pushed him through the doorway to the cell, briefly held him down, and left tight handcuffs on him for forty-five minutes, and (2) that the guards were deliberately indifferent to his serious medical needs.

<u>Excessive Force</u>

A correctional officer's use of excessive force against an inmate may violate that inmate's Eighth Amendment rights. <u>Hudson v. McMillian</u>, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. . . . The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

4

recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (citations and internal quotations omitted). Thus, a de minimis use of physical force, such as a push or a shove, will not suffice as proof of an Eighth Amendment violation. See Bryan v. Administrative of F.C.I. Otisville, 897 F. Supp. 134, 137 (S.D.N.Y. 1995) (inmate's allegation that prison guard pushed him during brief confrontation was insufficient to state excessive force claim under Eighth Amendment); see also DeWalt v. Carter, 224 F.3d 607, 620 (7th Cir. 2000) (shove into wall causing bruises insufficient to meet constitutional threshold); Outlaw v. Newkirk, 259 F.3d 833, 839 (7th Cir. 2001) (finding no Eighth Amendment violation when use of force caused superficial injury to prisoner's hand); Lunsford v. Bennett, 17 F.3d 1574, 1582 (7th Cir. 1994) (finding that de minimis force was used when prison guard caused bucket to hit prisoner on the head); Fillmore v. Page, 358 F.3d 496, 501 (7th Cir. 2004) (no Eighth Amendment violation when officer tripped inmate and banged his shoulder into a "crank box" and then shoved him into the cell and onto the floor). Accordingly, this Court finds that Plaintiff's allegation that the guards shoved him into a cell is insufficient to state an Eighth Amendment excessive force claim.

AO 72A
(Rev.8/82)

Plaintiff's allegation regarding the fact that the officers left him in tight handcuffs for forty-five minutes fails to state a claim because he does not allege that the guards were aware that the handcuffs were uncomfortably tight. As Plaintiff indicates in his complaint, when the guards put the handcuffs on him, they were not tight. It was only after he fell and lay on his back that his weight caused the handcuffs to tighten, and Plaintiff does not allege that he told the guards that the handcuffs had tightened.

In order to establish a claim for an Eighth Amendment violation because he was left in tight handcuffs for an extended period, Plaintiff must allege that the responsible officials actually knew that the handcuffs were tight. See Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999) (establishing an Eighth Amendment violation requires that the official had actual, subjective knowledge of risk of harm). As Plaintiff has made no such allegation, he has failed to state a claim for relief.

Deliberate Indifference to Serious Medical Needs

According to the standards set forth in Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), inattention to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment when it rises to the level of "deliberate indifference." Id.; see also Adams v. Poag, 61 F.3d 1537 (11th

6

AO 72A
(Rev.8/8 2)

Cir. 1995). "Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." Ancata v. Prison Health Services, Inc., 769 F.2d 700, 704 (11th Cir. 1985).

"Not every allegation of inadequate medical treatment states a constitutional violation. Mere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment." Adams, 61 F.3d at 1543 (citing Estelle, 429 U.S. at 105, 97 S. Ct. at 291-92). Rather, "it is obduracy and wantonness, not inadvertence or error in good faith," that violates the Eighth Amendment in "supplying medical needs." Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084, 89 L. Ed. 2d 251 (1986). To qualify as deliberate indifference, the treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

Moreover, not every injury sustained by an inmate can give rise to an Eighth Amendment violation. A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Hill v. Dekalb Regional

7

Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994). A medical condition is serious if a delay in treatment causes a life-long handicap or permanent loss, Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), or failure to treat the condition would result in needless pain, Davis v. Jones, 936 F.2d 971, 972 (7th Cir. 1991).

After consideration of the complaint, this Court finds that Plaintiff has failed to allege a serious medical need. Plaintiff claims that he suffered a bump on his head and cuts and bruises on his arms and legs. He further asserts that he briefly had difficulty using his hands. Such assertions are insufficient to establish a serious medical need under the Eighth Amendment. See, e.g., Martin v. Gentile, 849 F.2d 863, 871 (4th Cir.1988) (small cut with some bleeding was not a serious medical need); Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990) (swollen wrists with some bleeding did not constitute a serious medical need); Gray v. Houser, Case No. No. 88-2834, 1992 WL 340418, **3 (7th Cir., Nov. 19, 1992) (abrasion which caused no obvious impairment of motion or sensation not a serious medical need); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (cuts on two fingers from being slammed in food slot door not serious medical need).

Moreover, Plaintiff's injuries occurred more than a year before he filed his lawsuit. However, Plaintiff has not alleged any lingering ill-effect from his injuries,

and he has failed to demonstrate how he was injured by the purported failure of prison officials to provide him treatment. This Court thus finds that Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs.

## Conclusion

For the foregoing reasons, this Court now finds that Plaintiff has failed to state a claim for § 1331 relief.

**IT IS THEREFORE ORDERED** that the instant action be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**, this 26 day of October, 2005.

WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)